UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VERNON DIGGS, Individually and
on behalf of those similarly situated,

      Plaintiff,

vs.

Case No. 3:18-cv-367-J-34mcr

OVATION CREDIT SERVICES, INC.,
a Florida Profit Corporation,
TERRY D. CORDELL, Individually,
AMY MYERS, Individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VERNON DIGGS, ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, OVATION CREDIT SERVICES ( "OCS"), TERRY D. CORDELL ("CORDELL"), and AMY MYERS ("MYERS"), (collectively, "Defendants") and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3.     At all times material hereto, Plaintiff was a resident of Duvall County, Florida.

4.     At all times material hereto, OCS was a Florida Profit Corporation.

5.      At all times material hereto, Defendants operated a credit repair service located at 9143 Philips Highway; Suite 560, Jacksonville, Florida 32256.

6.      Plaintiff regularly performed duties for Defendants within the State of Florida and within this judicial district.

7.      The acts and omissions giving rise to the lawsuit occurred, in whole or in part, within this District.

8.      At all times material hereto, Cordell was Owner and President, and operated OCS.

9.      At all times material hereto, Cordell regularly held and/or exercised the authority to hire and fire employees of OCS.

10.     At all times material hereto, Cordell regularly held and/or exercised the authority to determine the work schedules for the employees of OCS.

11.     At all times material hereto, Cordell regularly held and/or exercised the authority to control the finances and operations of OCS.

12.     At all times material hereto, Cordell was an employer as defined by 29 U.S.C. 201 et. seq.

13.     At all times material hereto, Myers operated OCS as its Vice President.

14.     At all times material hereto, Myers hired and fired employees of OCS.

15.     At all times material hereto, Myers determined the work schedules for the employees of OCS.

16.     At all times material hereto, Myers regularly held and/or exercised the authority to control the finances and operations of OCS.

17.     At all times material hereto, Myers was an employer as defined by 29 U.S.C. 201 et. seq.

2

18.    At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

19.    At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

20.    Defendants were, and continue to be, "employers" within the meaning of FLSA.

21.    At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.  Specifically, Defendants regularly engaged in interstate phone calls and communications as part of their everyday business.

22.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

23.    Based upon information and belief, the annual gross revenue of Defendant OCS was in excess of $500,000.00 per annum during the relevant time periods.

24.    Based upon information and belief, the annual gross revenue of Defendant Cordell was in excess of $500,000.00 per annum during the relevant time periods.

25.    Based upon information and belief, the annual gross revenue of Defendant Myers was in excess of $500,000.00 per annum during the relevant time periods.

26.    At all times material hereto, Defendants had more than two (2) employees.

27.    At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including computers, office equipment, phones and other materials necessary and integral to Defendants' business operations.

28.    At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA. Specifically, Plaintiff regularly and customarily, throughout his employment with Defendants, made interstate phone calls and received and processed

interstate credit card transactions as part of his duties working for Defendants.

29.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

30.    On or about August 9, 2016, Defendants hired Plaintiff to work as non-exempt inside sales representative employee.

31.    At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

32.    From at least August 9, 2016, and continuing through April 2017, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

33.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

34.    Defendants failed to pay Plaintiff at least federal minimum wage for all hours worked.

35.    Defendants have violated Title 29 U.S.C. §206 and 207 from at least August 9, 2016, and continuing through April 2017, in that:

    a.    Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b.    No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

4

c.      Defendants' failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

d.      Defendants failed to maintain proper time records as mandated by the FLSA.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

36.     Plaintiff re-alleges and reavers paragraphs 1 through 35 as if fully set forth herein.

37.     From at least August 9, 2016 and continuing through April 2017, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

38.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

39.     At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

40.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

41.     Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

44.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

45.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

**COUNT II**
**MINIMUM WAGE VIOLATION UNDER FLSA**

46.     Plaintiff re-alleges and reavers paragraphs 1 through 35 as if fully set forth herein.

47.     Plaintiff was entitled to be paid minimum wage for each week he worked during his employment with Defendants.

48.     Defendants failed to pay Plaintiff minimum wage for each week he worked for Defendants.

49.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same.  As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each week worked during one or more weeks of employment with Defendants.

50.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

6

51.    Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

52.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b.    Permitting Plaintiff to send notice of this lawsuit to all similarly situated individuals pursuant to 29 U.S.C. § 216(b);

c.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

d.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e.    Awarding Plaintiff minimum wages in the amount due to him for Plaintiff's time worked in each work week;

f.    Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

g.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h.    Awarding Plaintiff pre-judgment interest;

i.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: March 13, 2018.                      Respectfully submitted,

                                            */s/ Andrew R. Frisch*
                                            ANDREW R. FRISCH
                                            Morgan & Morgan, P. A.
                                            600 N. Pine Island Road, Suite 400
                                            Plantation, FL 33324
                                            T: (954) WORKERS;  F: (954) 327-3013
                                            E-mail: AFrisch@forthepeople.com

                                            *Counsel for Plaintiff*