UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VERNON DIGGS, individually and
on behalf of those similarly situated,

    Plaintiff,

v.                                          CASE NO.: 3:18-cv-00367-MMH-MCR

OVATION CREDIT SERVICES, INC.,
a Florida Profit Corporation, TERRY D.
CORDELL, individually, and AMY
MYERS, individually,

    Defendants.
_____/

**DEFENDANTS OVATION CREDIT SERVICE, INC., TERRY D. CORDELL, AND AMY MYERS'S RESPONSE OPPOSING PLAINTIFF'S MOTION TO TOLL STATUTE OF LIMITATIONS**

Pursuant to M.D. Fla. Local Rule 3.01, Defendants Ovation Credit Services, Inc. ("Ovation"), Terry D. Cordell ("Cordell"), and Amy Myers ("Myers") (collectively, "Defendants") file their Response opposing Plaintiff, Vernon Diggs' ("Diggs") Motion to Toll Statute of Limitations (Doc. 84) (the "Motion"). For the reasons discussed herein, as well as those raised in Section II(A)(2) of the parties' Joint Brief on Objections to Proposed Class Notice (Doc. 86), this Court should deny Diggs' Motion.

**I. INTRODUCTION**

For the past 20 months,[1] the parties have litigated, *inter alia*, (1) whether, as he alleges, Defendants failed to appropriately pay Diggs overtime in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"), *see* Doc. 1 at ¶¶ 30-32, 35, 37, or

---

[1] Diggs filed his Complaint and Demand for Jury Trial in this action on March 16, 2018. *See* Doc. 1.

(2) whether Ovation's Credit Analysts (including Diggs) are exempt from overtime compensation under the FLSA's retail or service establishment exemption, 29 C.F.R. § 207(i). *See* Doc. 12 at p. 3, ¶ A. Those efforts included Diggs filing an Expedited Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (the "Certification Motion") (Doc. 25) through which Diggs sought to represent a putative class of Ovation's inside sales representatives.[2] On October 31, 2018, Defendants filed their response opposing Plaintiff's Motion. *See* Doc. 30. The Court subsequently granted Diggs leave to file a Reply to Defendants' response. *See* Doc. 35. Briefing on Diggs' Certification Motion was not completed until December 11, 2018. *See* Docs. 36-41. The Court entered an Order on September 25, 2019 granting Diggs' Certification Motion.[3]

Now, approximately 14 months after filing his Certification Motion, Diggs seeks an Order tolling that statute of limitations for potential FLSA claims for future opt-in plaintiffs. *See* Doc. 84. However, no basis exists for invoking this Court's equitable authority to toll the limitation period for speculative FLSA claims. District courts within the Eleventh Circuit regularly deny requests to toll the FLSA's statute of limitation where, as here, the only "extraordinary circumstances" advanced are generalized notions of prejudice to putative class members and dissatisfaction over the length of time a court takes to rule on a conditional certification motion. This Court should join again with the numerous district courts in the

---

[2] Diggs filed his Certification Motion with the Court on September 26, 2018 – more than six months after instituting the above styled lawsuit. *See* Docs. 1, 25.

[3] In granting Diggs' Certification Motion, the Court directed the parties to file for the Court's consideration (a) a joint proposed class notice form for distribution to the putative class, and/or (b) a joint brief concerning any remaining objections the Parties might have to the proposed class notice. Doc. 77 at p. 17. At parties' request, the Court extended that filing deadline multiple times. *See* Docs. 79, 83. The parties have since filed their Joint Brief on Objections to Proposed Class Notice and proposed class documents with the Court on November 22, 2019. *See* Docs. 86, 86-1.

2

Eleventh Circuit that have rejected arguments similar to those Diggs offers here and deny Diggs' Motion.

## II. LEGAL ARGUMENT

### A. <u>Equitable Tolling Standards</u>

"'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Lockwood v. CIS Servs., LLC*, No. 3:16-cv-965-J-39PDB, 2018 WL 85592445, at *2 (M.D. Fla. Jan. 16, 2018) (quoting *Czopek v. TBC Retail Group, Inc.*, No. 8:14-cv-675-T-36TBM, 2015 WL 12915566, at *1 (M.D. Fla. Aug. 7, 2015)). The Supreme Court of the United States has described equitable tolling as "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). Likewise, "the Eleventh Circuit has provided that '[e]quitable tolling is an extraordinary remedy which is typically applied sparingly.'" *Lockwood*, 2018 WL 85592445, at *2 (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)).

Equitable tolling is warranted only when "extraordinary circumstances" exist "that are both beyond [the plaintiff's] control and unavoidable even with diligence."[4] *Colson v.*

---

[4] Diggs suggests that, in addition to the "extraordinary circumstances" test, the Court employ a five-factor test formulated by the United States Sixth Circuit Court of Appeals relative to application of equitable tolling. *See* Doc. 84 at p. 5, n. 2. Diggs contends that "Courts throughout the Eleventh Circuit have adopted [that] five factor[]" test. *Id.* However, the Eleventh Circuit cases Diggs cites in his Motion do not support that notion and are distinguishable from the circumstances here. For example, in *S.R. v. U.S.*, No. 07-20648-CIV, 2008 WL 4826090 (S.D. Fla. Nov. 5, 2008), the plaintiff sought to equitably toll the limitations period in 28 U.S.C. § 2401(b) relative to her claim under the Federal Tort Claims Act. Following trial, and upon consideration of the government's Fed. R. Civ. P. 52(c) motion, the district court acknowledged its prior recognition at the summary judgment stage application of the Sixth Circuit's five-factor test in context of "whether equitable tolling if the limitations period in Section 2401(b) is warranted," but relied on Eleventh Circuit precedent and the extraordinary circumstance test in rejecting plaintiff's equitable tolling argument post-trial. *Id.* at *5-*9.

*Cableview Commc'n of Jacksonville, Inc.*, No. 3:09-cv-850-J-34JRK, 2010 WL 11507874, at *1 (M.D. Fla. Jan. 20, 2010) (quoting *Sandvik v. U.S.*, 177 F.3d 1269, 1271-72 (11th Cir. 1999)). "The Eleventh Circuit Court of Appeals 'has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test.'" *Id.* (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007)); *see also Sandvik*, 177 F.3d at 1271-72 (citing favorably *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) for the proposition that "not knowing about the period of limitation until too late is not a ground for equitable tolling."). For example, equitable tolling may be appropriate in a case where the defendant misleads the plaintiff into allowing the statute of limitations to lapse, the plaintiff has no reasonable way of discovering that he may have had a colorable claim during the statutory period, or the plaintiff files a technically deficient pleading but otherwise timely and diligently prosecutes his claim. *Justice v. U.S.*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal citations omitted).

Importantly, the moving party has the burden of showing that extraordinary circumstances exist before equitable tolling is warranted. *Lockwood*, 2018 WL 85592445, at *2 (quoting *Love v. Phillips Oil, Inc.*, No. 3:08cv92/MCR/MD, 2008 WL 5157677, at *2

---

Likewise, in *Chapman v. Fred's Stores of Tennessee, Inc.*, No. 2:08-cv-01247-HGD, 2013 WL 1767791, at *1 (N.D. Ala. Mar. 15, 2013), the plaintiff brought a collective action under the Equal Pay Act, 29 U.S.C. 206(d) ("EPA"). In doing so, plaintiff sought to facilitate notice to potential plaintiffs and to toll the limitations period for opt-in plaintiffs because of the delay in ruling on the Motion to Facilitate Notice. *See id.* at *1, *12. Once again, the *Chapman* court recognized the existence of the five-factor test but did not rely on that mechanism in recommending the statute of limitations be tolled. *See id.* at *13-*15. Rather, the *Chapman* court relied on (1) Eleventh Circuit precedent and (2) the distinction between an EPA action and an overtime pay action, reasoning that "[w]hile the plaintiffs in *Tyson Foods* were aware they were working off the clock and not getting paid, female ASMs may have been completely unaware that male ASMs may have been paid more, assuming *arguendo* plaintiff's allegations to be true." *Id.* at *14-*15. Accordingly, no reason exists for the Court to stray from the applicable standard for equitable tolling in the Eleventh Circuit, *i.e.*, whether a litigant can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lytle v. Lowe's Home Ctrs., Inc.*, No. 8:12-cv-1848-T-33TBM, 2014 WL 103463, at *6 (M.D. Fla. Jan. 10, 2014) (quoting *Downs v. McNeil*, 520 F.3d 1311, 1324 (11th Cir. 2008)).

(N.D. Fla. Dec. 9, 2008)); *Colson*, 2010 WL 11507874, at *1 (quoting *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)). As discussed herein, Diggs' Motion fails to satisfy that burden.

### B. Diggs' Motion Should be Denied Because Ordinary Delay in Notice to Potential Opt-In Plaintiffs Does Not Justify Equitable Tolling

A claim for unpaid wages under the FLSA must be brought within two years. 29 U.S.C. § 255(a). That limitation period may be extended from two to three years if the claim is one "arising out of a willful violation." *Id.* In a collective action, the individual opt-in plaintiff's claim is considered to have commenced at the time of filing a notice of consent. 29 U.S.C. §§ 216(b), 256; *see also Colson*, 2010 WL 11507874, at *2 (recognizing that "putative class members' claims 'die daily' until they opt-into [an] action"). As the U.S. Court of Appeals for the Eleventh Circuit has recognized, § 256's opt-in specific deadline demonstrates "Congress['] express[] … concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint" and "that only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action." *Colson*, 2010 WL 11507874, at *2 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)).

"The Eleventh Circuit has yet to address whether the FLSA's statute of limitations may be equitably tolled for claims of potential opt-in plaintiffs based on a delay in providing notice." *Lockwood*, 2018 WL 85592445, at *2 (quoting *Love*, 2008 WL 5157677, at *2). While some district courts have indicated that equitable tolling may generally be applied to the FLSA's limitation period in proper circumstances (none of which are present here), *see*

5

*e.g.*, *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2008 WL 700174, at *3 (S.D. Fla. Mar. 13, 2008); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1291, 1301 (M.D. Fla. 2000), this Court has previously recognized that, in the context of potential opt-in plaintiffs in a collective action, "the *Grayson* decision, the FLSA's statutory framework, and general principles of equitable tolling all strongly counsel against such a result." *Colson*, 2010 WL 11507874, at *2 (joining numerous district courts within the Eleventh Circuit holding that "equitable tolling of the statute of limitations for future opt-in plaintiffs is not warranted in an ordinary collective action."). Indeed, "[t]o hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming [an] extraordinary remedy into a routine, automatic one." *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2009).

Diggs' Motion makes clear that this matter is an ordinary collective action. Diggs alleges no malfeasance or that Defendants caused any delay in the timely filing of potential opt-in plaintiff claims. Diggs instead suggests that equitable tolling is applicable here because putative class members are prejudiced by delay in notification of their right to join this action. *See* Doc. 84 at pp. 3, 10. However, that notion alone is an inadequate basis for tolling the FLSA's statute of limitations. *See Colson*, 2010 WL 11507874, at *2 (rejecting "Plaintiff['s] argu[ment] that equitable tolling is warranted because putative class members are prejudiced by delay in notification of their right to join this action."). Accordingly, Diggs' Motion should be denied.

C.  **Diggs Motion Should Be Denied Because Potential Opt-in Plaintiffs Were Not Victims of Extraordinary Circumstances and Did Not Exercise Due Diligence**

Again, before equitable tolling can be considered, a plaintiff must establish that "extraordinary circumstances" exist that are "both beyond [plaintiff's] control and unavoidable with diligence." *Sandvik*, 177 F.3d at 1271-72. As discussed herein, Diggs' Motion does not identify any truly extraordinary circumstances that would support the tolling of the FLSA's limitation period. Moreover, Diggs has not established that the opt-in plaintiffs for whom Diggs seeks to toll the FLSA's limitation period were reasonably diligent in preserving their rights. Thus, equitable tolling is not warranted here.

1. **No judicial neglect or procedural abnormality occurred here**

In the absence of any truly extraordinary circumstance, Diggs seeks to assign error to the Court's handling of his Certification Motion to justify equitable tolling of putative class member claims. *See* Doc. 84 at p. 10. However, a delay between the filing of a motion for class certification and a ruling on the same is not a basis to toll the FLSA's statute of limitations.

According to Diggs, it took the Court approximately one year to grant his Certification Motion. *Id.* Diggs, however, discounts that nearly three months ran between the date Diggs filed his Certification Motion (September 26, 2018) and the date that the matter was fully briefed (December 11, 2018). *See* Docs. 25, 30, 35-41. Diggs also ignores that his attempt to have the last word on the matter delayed the ripeness of his Certification Motion by 43 days. *See* Docs. 35-41. Thus, the Court decided the Certification Motion within approximately nine and one-half months of Diggs' Certification Motion being fully briefed. This is hardly an unreasonable period of time to consider a request to send a notice to a

putative class. *See Lockwood*, 2018 WL 85592445, at *2-*3 (denying equitable tolling request based on 10-month pendency of motion for conditional certification); *Lytle v. Lowe's Home Ctrs., Inc.*, No. 8:12-cv-1848-T-33TBM, 2014 WL 103463, at *6-*7 (M.D. Fla. Jan. 10, 2014) (finding that "it is not 'extraordinary' for [a motion for conditional certification] – and the issues it addresses – to remain pending for only ten months" and rejecting equitable tolling request); *Bobbitt v. Broadband Interactive, Inc.*, No. 8:11-cv-2855-T-MAP, 2012 WL 2872846, at *2-*4 (M.D. Fla. July 12, 2012) (denying equitable tolling where 13 months elapsed between filing motion for conditional certification and subsequent distribution of court-authorized class notice); *Fiore v. Goodyear Tire & Rubber Co.*, No. 2:09-cv-843-FtM-29SPC, 2011 WL 86743, at *1,*4 (M.D. Fla. Mar. 10, 2011) (finding that plaintiff failed to demonstrate extraordinary circumstances for tolling even though motion to certify class was pending for nine months); *Pendlebury*, 2008 WL 700174, at *3 (rejecting argument that statute of limitations should be tolled because it took the court six months to rule on the motion to certify class and four months to approve the notice to potential class members; *cf. Gutescu v. Carey Int'l, Inc.*, No. 01-4026CIV-MARTINEZ, 2004 WL 5333763, at *4 (S.D. Fla. Feb. 25, 2004) (tolling the statute of limitations where the plaintiff's motion to certify class was pending for 18 months <u>and</u> required various continuances, discovery, and supplemental material) (emphasis added).

    Diggs seeks to establish a position contrary to the foregoing authority by citing case law largely from other circuit courts or district courts in other circuits. This method of crafting an argument in support of equitable tolling has already been disapproved of by the United States District Court for the Northern District of Florida in *Love*, 2008 WL 5157677.

In determining not to apply equitable tolling, the *Love* court found it appropriate to rely on "Eleventh Circuit authority and reviewing district court opinions within the Eleventh Circuit interpreting that authority[.]" *Id.* at *2 n. 2. Diggs cites only a single case from this judicial district that extended equitable tolling where the court, and not the plaintiff or defendant, was the reason for the delay in issuance of class notice. *See* Doc. 84-1 (*Martins v. Flowers Foods, Inc.*, No. 8:16-cv-3145-MSS-JSS (M.D. Fla. Mar. 28, 2018). However, the circumstances in *Martins* relied upon to toll the FLSA limitations period for potential opt-in plaintiffs' claims were unique and do not apply here.

First, the *Martins* court determined that the plaintiff was diligent in that, unlike here, the motion for conditional certification was filed less than three months after plaintiff filed his complaint. *Id.* at p. 19; *see also* Docs. 1, 25. Second, and more importantly, the court recognized that ruling on plaintiff's motion for conditional certification took almost 14 months because of procedural complications not occurring in this matter. *See* Doc. 84-1 at p. 19. Namely, the court (1) "granted the Parties a period of time for limited discovery related to the issue of conditional certification" and (2) "required Plaintiff to file a supplement to the original motion for conditional certification at the close of such discovery." *Id.* Moreover, the *Martins* court acknowledged the Supreme Court of the United States granting certiorari in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), and the potential affect that it could have on the rights of the putative class members with arbitration agreements. *Id.* Based on those unique circumstances, the court tolled the limitations period for future opt-in plaintiffs to the date plaintiff filed his initial motion for conditional certification. *Id.* Thus, even if court delay was a proper ground for equitable tolling in the Eleventh Circuit, the vast disparity in

9

circumstances between the present action and *Martins* preclude it from applying here.

Rather, the facts here are more akin to those in *Palma v. MetroPCS Wireless, Inc.*, 2013 WL 6836535 (M.D. Fla. Dec. 26, 2013). In *Palma*, the plaintiffs sought to equitably toll the statute of limitations for future opt-in plaintiffs in an FLSA collective action back three years from the filing date of the plaintiffs' Complaint. Plaintiffs argued that extraordinary circumstances existed for the court to toll the limitations period because plaintiffs' motion for conditional certification was pending for seven months before being granted. *Id.* at *1. In denying plaintiffs' request, Judge Covington recognized that it is not "extraordinary" for a motion for conditional certification to remain pending for several months. *Id.* (internal citations omitted). Further, Judge Covington acknowledged that "courts in the Eleventh Circuit routinely deny motions like the present one because, during the pendency of the Motion for Conditional Certification, 'putative class members had two options for filing a timely claim: (1) opt into the collective action if they were aware of it, or (2) file an individual FLSA action." *Id.* at *2 (internal citations omitted). Because the court did nothing to "lull putative class members into inaction," tolling of the limitations period in *Palma* was inappropriate. *Id.*

Aside from asserting that the pendency of the Certification Motion necessitates tolling, Diggs' Motion provides no evidence that any potential opt-in plaintiffs have been or might be "reasonably induced to delay the filing of his claim." *Lockwood*, 2018 WL 85592445, at *3 (quoting *Love*, 2008 WL 5157677, at *2). Diggs has made no showing that extraordinary circumstances exist in this case that were unavoidable and prevented opt-in plaintiffs from asserting their FLSA rights during the limitations period. *Love*, 2008 WL

5157677, at *2; *see also Colson*, 2010 WL 11507874, at *1 (ignorance of the law alone does not warrant application of equitable tolling). Further, nothing in Diggs' Motion suggests that potential opt-in plaintiffs could not have discovered that they might have a claim under the FLSA and file an independent action. Thus, because nothing establishes that this Court lulled putative class members into inaction, it should decline to apply the extraordinary remedy of equitable tolling to this matter. *See Palma*, 2013 WL 6836535, at *2.

### 2. No evidence demonstrates that potential opt-in plaintiffs were diligent in preserving their rights

Diggs suggests in his Motion that equitable tolling of the FLSA's statute of limitations is warranted here because Diggs was diligent in the filing of his Certification Motion. *See* Doc. 84 at p. 11. Diggs, however, misses the mark; the burden is on potential opt-in plaintiffs to protect their rights, not on Diggs or the Court.

Under the equitable tolling analysis, "the relevant diligence is not of the named plaintiffs but of the potential opt-in plaintiffs." *Pendlebury*, 2008 WL 700174, at *4 n. 1. Diggs' Motion does not identify any acts taken by potentially time-barred opt-in plaintiffs to preserve the timeliness of their claims. As the district court noted in *Pendlebury* when assessing the "diligence" component of the "extraordinary circumstances" test:

> Plaintiffs carry the burden to show that equitable tolling is appropriate, and Plaintiffs have not provided any evidence regarding the diligence of opt-in plaintiffs in asserting their rights within the statutory period. … Without such a showing that these potential opt-in plaintiffs exercised diligence in pursuing their rights under the FLSA during the statutory period, irrespective of the collective action, equitable tolling cannot apply.

2008 WL 700174, at *4 n. 1 (citing *Wales*, 192 F. Supp. 2d at 1301) ("[P]laintiffs are expected to act with due diligence, regardless of whether they have been recruited.").

Because Diggs has failed to carry the diligence burden relative to potential opt-in plaintiffs, his Motion must be denied.

### D. Diggs' Motion Should Be Denied Because Tolling Opt-In Plaintiff Claims Will Unfairly Prejudice Defendants

In arguing for equitable tolling here, Diggs asserts in his Motion that "Defendants will not be prejudiced by tolling because they have been aware of the potential scope of their liability from the date the collective action Complaint was filed." Doc. 84 at p. 9. Defendants, however, contend that the tolling of the FLSA's statute of limitations would unfairly prejudice them by potentially reviving claims that are now barred on behalf of potential opt-in plaintiffs that have failed to exercise diligence in preserving their rights and bringing such claims. Tolling would be particularly unfair and prejudicial to Defendants here since no Defendants contributed to or induced any potential opt-in plaintiffs' failure to timely file suit or join this action. Accordingly, given the circumstances and equities involved here, Diggs' Motion should be denied.

## III. CONCLUSION

As this Court has previously recognized, "the collective nature of [an] action, by itself cannot justify tolling of the statute of limitations for future opt-in plaintiffs." *Colson*, 2010 WL 11507874, at *2. Here, nothing suggests that this matter is atypical of any other ordinary collective action. Diggs has failed to show that any uncontrollable or unavoidable "extraordinary circumstances" exist, let alone that such extraordinary circumstances have detrimentally affected potential opt-in plaintiffs. While Diggs' Certification Motion was pending, nothing hindered putative class members from filing a timely claim by either opting into this action if they were aware of it or by filing an individual FLSA action. Neither Diggs

nor any opt-in plaintiffs have been misled as to their rights, and the Court did nothing to lull putative class members into inaction. Accordingly, equitable tolling is inappropriate here and Diggs' Motion should be denied.

Respectfully submitted this 2nd day of December 2019.

By: */s/ Michael J. Lufkin*
Eric J. Holshouser
Florida Bar No. 0307734
E-mail: eholshouser@rtlaw.com

Michael J. Lufkin
Florida Bar No. 0030492
E-mail: mlufkin@rtlaw.com

ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, FL  32207
(904) 398-3911 – Telephone
(904) 348-5894 – Facsimile

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing Response Opposing Plaintiff's Motion to Toll Statute of Limitations was electronically filed this 2nd day of December 2019 by using CM/ECF systems, which will send notice of electronic filing of the foregoing document to the following:

> Andrew R. Frisch
> Chanelle Ventura
> Morgan & Morgan, P.A.
> 8151 Peters Road, Suite 4000
> Plantation, FL 33324
> E-mail: afrisch@forthepeople.com
>           cventura@forthepeople.com
>
> Attorneys for Plaintiff and Opt-in Plaintiffs

> */s/ Michael J. Lufkin*
> Attorney