**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VERNON DIGGS, individually and
on behalf of those similarly situated,

    Plaintiff,

v.                                                Case No. 3:18-cv-367-J-34MCR

OVATION CREDIT SERVICES, INC.,
TERRY D. CORDELL, and AMY MYERS,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Toll Statute of Limitations and Incorporated Memorandum of Law (Doc. 84; Motion to Toll), filed on November 19, 2019. Defendants filed a response in opposition on December 2, 2019. See Defendants Ovation Credit Service, Inc., Terry D. Cordell, and Amy Myers's Response Opposing Plaintiff's Motion to Toll Statute of Limitations (Doc. 87; Response).[1] Also before the Court is the parties' Joint Brief on Objections to Proposed Class Notice (Doc. 86; Joint Brief), filed on November 22, 2019. The issues presented in the Motion to Toll and the Joint Brief are ripe for review.

---

[1] On December 11, 2019, Plaintiff filed a motion for leave to reply to Defendants' Response. See Plaintiff's Motion for Leave of Court to File a Reply to Defendants' Response Opposing Motion to Toll Statute of Limitations (Doc. 88). Defendants filed a response in opposition on December 26, 2019. See Defendants Ovation Credit Service, Inc., Terry D. Cordell, and Amy Myers's Response Opposing Plaintiff's Motion for Leave to File a Reply (Doc. 89). Because the Court finds that a reply would not be helpful in resolving the Motion to Toll, Plaintiff's request to file a reply will be denied.

**I.      Background**

Plaintiff, individually and in a representative capacity, initiated the instant action on March 16, 2018, by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint) alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Approximately six months later, on September 26, 2018, Plaintiff filed a motion seeking conditional certification of a collective action. See Expedited Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. 25; Motion to Certify). In the Motion to Certify, Plaintiff also asked the Court to approve his proposed class notice form. See id. at 18-25. On September 28, 2019, the Court granted the Motion to Certify "to the extent [Plaintiff sought] conditional certification of the putative class identified in the Motion [to Certify]." See Order Granting Motion to Certify (Doc. 77) at 17.[2] However, given the number of objections to Plaintiff's proposed class notice form, as well as the amount of time that had passed since the parties last conferred on the issues, the Court directed the parties to meaningfully confer to try to resolve Defendants' objections to the proposed class notice form. Having conferred as directed by the Court, the parties filed the Joint Brief on November 22, 2019. Although they have greatly narrowed their disputes, two issues remain for the Court to resolve with regard to the class notice. See Joint Brief at 2-3. Additionally, Plaintiff filed his Motion to Toll requesting that the Court toll the statute of limitations for future opt-in plaintiffs as of the filing of the Motion to Certify, arguing that the Court's delay in ruling on the Motion to Certify has prejudiced future opt-in plaintiffs. See Motion to Toll at 3, 12. Because the Court's decision on the Motion to Toll will affect

---

[2] The Court ruled on the Motion to Certify approximately ten months after it became ripe on December 11, 2018. See Order (Doc. 42) (striking reply that disregarded the Court's instructions and stating that no further briefing on the Motion to Certify would be permitted).

2

the language of the class notice, the Court will first determine whether Plaintiff is entitled to equitable tolling.

## II. Equitable Tolling

Plaintiff requests that the Court toll the statute of limitations for future opt-in plaintiffs as of the date of filing the Motion to Certify—September 26, 2018. See Motion to Toll at 3, 12. In support of this request, Plaintiff maintains that "[w]ithout tolling of the statute of limitations, each and every potential Opt-in Plaintiff stands to lose either a significant portion or their entire collectable period due to time that has elapsed since the Plaintiff filed the Motion [to Certify], depending on the ultimate factual determinations in this case (regarding willfulness) and depending on the date which notice issues." Id. at 3. In their Response, Defendants contend that the amount of time in which the Motion to Certify was pending does not constitute an extraordinary circumstance that warrants equitable tolling. Upon consideration, the Court agrees that the Motion to Toll is due to be denied.

Actions brought pursuant to the FLSA must be commenced within two years from when the cause of action accrues or, in the case of willful violations, within three years.[3] 29 U.S.C. § 255(a). An FLSA cause of action for unpaid overtime accrues at the end of each pay period in which the employer improperly fails to pay the employee overtime compensation. See Knight v. Columbus, Ga., 19 F.3d 579, 581-82 (11th Cir.1994). "Because each violation gives rise to a new cause of action, each failure to pay overtime begins a new statute of limitations period as to that particular event." Id. at 582. An FLSA action is deemed commenced by an opt-in plaintiff upon the filing of a written consent to

---

[3] Plaintiff alleges a willful violation in the Complaint. See Complaint ¶ 42. Whether the two- or three-year statute of limitations will ultimately apply in this case is a question of fact and, as such, is not appropriate for determination at this stage of the proceedings.

join the action.  See 29 U.S.C. § 256(b).  As such, a "putative plaintiff must file his written consent to opt into the class action prior to the expiration of the statute of limitations on his [FLSA] claim."  Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996).[4]

As a general rule, however, "[p]rinciples of equitable tolling are read into every federal statute of limitation."  Cook v. Deltona Corp., 753 F.2d 1552, 1562 (11th Cir. 1985) (citation omitted).  Nevertheless, "tolling is an extraordinary remedy which should be extended only sparingly."  Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (citation omitted).  Thus, to warrant equitable tolling a plaintiff generally must show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  See Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (citations omitted).  The Eleventh Circuit Court of Appeals "has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test."  Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007) (citations omitted).  Moreover, courts may equitably toll the applicable statute of limitations "only upon finding an inequitable event that prevented plaintiff's timely action."  Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotation marks and citation omitted).  "The plaintiff bears the burden of showing that such extraordinary circumstances exist."  Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006) (citation omitted).

---

[4] Although Grayson addressed collective actions under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 et seq., "that statute incorporates the FLSA's collective action mechanism," and thus, the analysis in Grayson "applies in both contexts."  See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 n.37 (11th Cir. 2008); see also Anderson v. Cagle's, Inc., 488 F.3d 945, 952-53 & n.5 (11th Cir. 2007).

4

In Grayson, the Eleventh Circuit discussed application of the statute of limitations to opt-in plaintiffs in a § 216(b) collective action. See Grayson, 79 F.3d at 1105-07. Because "[u]nder § 16(b) of FLSA[, § 216(b),] . . . no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class[,]" an FLSA plaintiff who joins a collective action does not commence his or her action until the date he or she files written consent to join. See id. at 1106 & n.38; 29 U.S.C. §§ 216(b), 256. The court concluded that this statutory framework evinces Congressional intent "that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint" and "that only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action." See Grayson, 79 F.3d at 1106 (citation omitted). Thus, while Plaintiff may be correct that putative class members' claims "stand to lose either a significant portion or their entire" claim until they opt into this action, the collective nature of the action, by itself, cannot justify tolling of the statute of limitations for future opt-in plaintiffs. Although the Eleventh Circuit Court of Appeals has not explicitly addressed the issue of whether delay in ruling on a motion to certify can form a basis for equitable tolling, the Grayson decision, the FLSA's statutory framework, and general principles of equitable tolling all strongly counsel against such a result. Indeed, "[t]o hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one." Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1243-44 (S.D. Ala. 2008).

Here, the Motion to Certify was ripe for almost ten months before the Court issued its ruling. Contrary to Plaintiff's arguments, however, this length of time is not unusual. Nor has Plaintiff established that the pendency of the Motion to Certify prevented putative opt-in plaintiffs from otherwise timely pursuing their own FLSA claims. Thus, the Court is of the view that equitable tolling is not warranted. In reaching this conclusion, this Court joins numerous district courts within the Eleventh Circuit in holding that equitable tolling of the statute of limitations for future opt-in plaintiffs is not warranted in an ordinary FLSA collective action because of the amount of time that passes before the court rules on a motion to certify.[5] See, e.g., Lockwood v. CIS Services, LLC, Case No. 3:16-cv-965-J-39PDB, 2018 WL 8559245, at *2 (M.D. Fla. Jan. 16, 2018) ("That Plaintiff's Motion to Certify Class was pending for ten months is not an extraordinary circumstance to justify tolling.") (collecting cases); Lytle v. Lowe's Home Centers, Inc., Case No. 8:12-cv-1848-T-33TBM, 2014 WL 103463, at *6 (M.D. Fla. Jan. 10, 2014) ("While it is 'unusual' for a motion for conditional certification to remain pending for 18 months, it is not 'extraordinary' for such a motion—and the issues it addresses—to remain pending for only ten months, as was the case here."); Pendlebury v. Starbucks Coffee Co., Case No. 04-cv-80521, 2008 WL 700174, at *4 (S.D. Fla. Mar. 13, 2008) ("The fact that Plaintiffs did not receive notice of

---

[5] Plaintiff relies primarily on district court cases outside the Eleventh Circuit for the proposition that delay in ruling on a motion to certify may justify equitable tolling of the statute of limitations. See Motion to Toll at 7-9. In addition, Plaintiff cites to one case from the Middle District of Florida in support of his position. See id. at 6-7 (citing Martins v. Flowers Foods, Inc., Case No. 8:16-cv-3145-T-35JSS (M.D. Fla. March 28, 2018) (Doc. 135). In Martins, a jurist of this Court determined that equitable tolling was appropriate where the ruling on the plaintiff's motion for conditional certification was delayed by 14 months "because the Court granted the Parties a period of time for limited discovery related to the issue of conditional certification and required Plaintiff to file a supplement to the original motion for conditional certification at the close of such discovery." Id. Upon consideration of the Eleventh Circuit precedent regarding equitable tolling, the Court is not persuaded that Martins or the out of circuit cases on which Plaintiff relies warrant that remedy in this case.

the pendency of a collective action prior to the expiry of the limitations period was not the consequence of 'inequitable circumstances.' Any of the Plaintiffs could have brought individual actions within the three year time period allowed by the FLSA. These opt-in Plaintiffs were not hindered due to fraud or misrepresentation from discovering that they might have a colorable claim for relief. Indeed, with diligence, any of these Plaintiffs could have filed individual (or collective) actions within the limitations period."). Thus, the Motion to Toll is due to be denied.

### III.     Class Notice

Two issues remain for the Court to determine with regard to the class notice: "(1) how far back the class notice period should extend and (2) whether a mutually agreed upon third-party administrator, rather than Plaintiff's counsel, should be responsible for addressing any putative class member questions or concerns related to the same." Joint Brief at 2-3. As to the first issue, Plaintiff argues that the class notice should be addressed "to all putative class members who worked for Defendants at any time for the three year period prior to the filing of the Complaint in this case to the present . . . ." See id. at 3. Because the Court has denied Plaintiff's request for equitable tolling, the class notice should be addressed to similarly situated employees who worked for Defendants within the last three years.[6] See generally Leo v. Sarasota County Sch. Bd., Case No. 8:16-cv-3190-T-30TGW, 2017 WL 477721, at *3 (M.D. Fla. Feb. 6, 2017) ("[T]he notice should reflect a

---

[6] Even if the Court granted the relief sought in the Motion to Toll, notice would issue to putative class members who worked for Defendants within three years of the filing of the Motion to Certify, not the filing of the Complaint.

7

three-year period from the date that the notice is sent, not from the date that the complaint was filed.").[7]

Regarding the second issue, Plaintiff contends that his "counsel should be listed as the point of contact for questions or concerns on the notice to the putative class members, notwithstanding the parties' agreement to utilize a third party administrator to serve the ministerial function of disseminating notice to the putative class members." See Joint Brief at 10. In contrast, Defendants object to what they describe as "unsupervised, unilateral communications with potential opt-in plaintiffs after issuance of a Court-approved class notice." Id. at 12. Alternatively, "Defendants request that the proposed class notice include information about Defendants' counsel." Id. at 14 n.6. Upon consideration, the Court is not persuaded by Defendants' contention. Language directing the putative opt-in plaintiffs to contact Plaintiff's counsel with their questions is logical given that Plaintiff's counsel will likely represent the opt-in plaintiffs in this action. It is also a routine practice throughout this Circuit, and Defendants have presented no authority suggesting that the practice is improper or unwarranted. In addition, although some courts in this Circuit have included contact information for both plaintiff's counsel and defense counsel in a class notice, see e.g., Leo, 2017 WL 477721, at *3, the Court is not persuaded that the decisions of these courts suggest that it is necessary to do so. Indeed, Defendants have not attempted to explain how such information would help putative opt-in plaintiffs make an informed decision about whether to participate in this litigation. See Joint Notice at 14 n.6.

---

[7] In its Order granting conditional certification, the Court certified a class of current and former credit analysts "who worked for Defendants for the three-year period prior to the filing of the Complaint," as requested by Plaintiff in his Motion to Certify. See Order at 8, 17. In doing so, however, the Court was not determining whether the statute of limitations should be tolled.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave of Court to File a Reply to Defendants' Response Opposing Motion to Toll Statute of Limitations (Doc. 88) is **DENIED**.

2. Plaintiff's Motion to Toll Statute of Limitations and Incorporated Memorandum of Law (Doc. 84) is **DENIED**.

3. The Court approves the parties' proposed class notice (Doc. 86-1), as well as their agreed upon method of dissemination, see Joint Brief at 14-16, subject to the parties making the changes reflected in the attached revised notice.

**DONE AND ORDERED** in Jacksonville, Florida on January 9, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc23
Copies to:
Counsel of Record